**Abatement Order filed April 2, 2015.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-14-00859-CV
_____

**AMERICAN RISK INSURANCE COMPANY, INC., Appellant**

**V.**

**VERONICA SERPIKOVA, Appellee**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-14955**

## ABATEMENT ORDER

This is an appeal from a final judgment signed July 25, 2014. Appellant filed a timely motion for new trial. The reporter's record in this case was due **November 24, 2014,** but it has not been filed. *See* Tex. R. App. P. 35.1. On December 2, 2014, this court ordered Michelle Tucker, the official court reporter, to file the record within 30 days. The court reporter did not file the record as ordered or respond to this court's order. On January 21, 2015, this court again ordered Michelle Tucker

to file the record within 30 days. In the order, the court instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for the court reporter's failure to file the record. The record has not been filed with the court. The court reporter has not filed a request for an extension of time to file the record or any response to this court's orders.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. Tex. R. App. P. 35.3(c). The trial court must help ensure that the court's reporter's work is timely accomplished. Tex. R. App. P. 13.3. Because the reporter's record is four months past due and the court reporter has not responded to our orders, we issue the following order.

We direct the judge of the **80th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the trial court to prepare a record, in the form of a reporter's record, of the hearing. The trial judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records ordered herein are filed in this court. The court also will consider an appropriate motion to reinstate the appeal filed by either party, or the

court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Busby.